UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DANA FAULKNER, a/k/a "Diablo,"<br><br>　　　　　　Defendant. | CR. 17-50144-JLV<br><br><br>ORDER |

**INTRODUCTION**

Defendant Dana Faulkner was arraigned on a federal criminal complaint on September 5, 2017. (Docket 7). On September 12, a grand jury indicted defendant on charges of conspiring to distribute methamphetamine, heroin and cocaine, use of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a prohibited person. (Docket 21). Now pending before the court is defendant's motion to dismiss the indictment. (Docket 90). Defendant alleges he has not been brought to trial within the time permitted by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and that pretrial delay has violated his Sixth Amendment right to a speedy trial. Id. at pp. 2-3. The government resists defendant's motion. (Docket 96). On January 23, 2019, a grand jury issued a superseding indictment against defendant. (Docket 98). The superseding indictment adds two counts of obstructing justice to the five counts brought in the first indictment. Id. For the reasons given below, the court denies defendant's motion.

**ANALYSIS**

**I.    Speedy Trial Act**

Defendant argues the 70 days of speedy trial time allotted for his case have elapsed without trial.  (Docket 90 at p. 2).  Defendant contends 30 days of his speedy trial clock elapsed between his initial appearance on the indictment, held on September 13, 2017, and his first motion for a continuance, filed on October 13, 2017 by his first attorney.  Id. at pp. 1-2.  Defendant now asserts he did not agree to the continuance.  Id. at p. 1.  He argues the speedy trial clock began to run again on October 18, 2017, when the court granted his motion for a continuance, and continued for 79 days to January 5, 2018, when his first counsel filed a motion to extend the deadline to file a suppression motion.  Id. at pp. 1-2.  Defendant finally contends the clock ran again for 21 days between January 10, the date the court granted his motion to file an untimely suppression motion, and January 31, when he filed his suppression motion.  Id. at p. 2.  In defendant's view, his 70 days of speedy trial time elapsed in late 2017.

The government offers a different calculation concluding 33 days of speedy trial time are remaining.  (Docket 96 at p. 3).  In the government's view, only 37 days have elapsed—the time between defendant's pre-indictment initial appearance on the criminal complaint on September 5, 2017, and defendant's first motion for a continuance on October 13, 2017.  Id.  The government argues the clock has not restarted because the court continued defendant's trial

date until January 30, 2018, and defendant filed his suppression motion on January 31. Id. The entire time from defendant filing his suppression motion until the present is excludible, in the government's view.

The court disagrees with both parties' calculations but concludes, like the government, that defendant's speedy trial time has not elapsed. Following its recitation of the legal standards relevant to defendant's Speedy Trial Act argument, the court will set forth the procedural history of this case and then perform its speedy trial calculation. The procedural history given below is abbreviated to address matters of concern in calculating defendant's speedy trial time. The case's full procedural history is set out in Exhibit A, a chart the court developed for its calculation.

### A. Legal standards

The Speedy Trial Act states "a defendant must be brought to trial within 70 days of his indictment or arraignment, whichever is later." United States v. Williams, 557 F.3d 943, 950 (8th Cir. 2009). "That 70 day period can be interrupted because certain periods of delay are excluded by the Act from the running of the clock." Id. "A defendant has the burden of proof to show that his statutory right to a speedy trial has been violated." Id. "When a violation of the time limits of the Act is shown to have occurred, dismissal is mandatory on motion of the defendant." United States v. Koory, 20 F.3d 844, 846 (8th Cir. 1994).

As relevant to this case,

> [t]he clock is stopped by "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and by "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

Williams, 557 F.3d at 950 (quoting 18 U.S.C. §§ 3161(h)(1)(F), (J), recodified at §§ 3161(h)(1)(D), (H)) (emphasis removed).

> For motions that require a hearing, subsection [(D)] excludes any period of delay caused by any pretrial motion, from the filing of the motion through the conclusion of the hearing . . . whether that hearing was prompt or not. . . . After the hearing is over, the district court might require supplemental filings from the parties in order to properly resolve the motion. The time during which the district court is awaiting these filings is excluded. Once the submissions have been received, "prompt disposition" of the motion is required in order to exclude time, and [§ 3161(h)(1)(H)] excludes a maximum of 30 days from the point a motion is actually taken under advisement. Thus, section [3161(h)(1)(D)] and section [3161(h)(1)(H)] dovetail; the former ends when the latter begins. . . . A motion is actually under advisement when the court receives all the papers it reasonably expects.

Id. at 952 (internal quotations and citations omitted) (statutory references modified to account for recodification).

"Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel" tolls the speedy trial clock "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

> [T]he plain language of section 3161(h)(7)(A) "does not require a defendant's consent to the continuance 'if the judge granted such

4

> continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"

United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) (quoting United States v. Sobh, 571 F.3d 600, 603 (6th Cir. 2009)).

In prior cases, the court has concluded "open-ended continuances" are permissible under 18 U.S.C. § 3161(h)(7)(A), known as the "ends of justice" provision. United States v. Conteh et al., CR. 15-50101, 2018 WL 456184 at *4 (D.S.D. Jan. 17, 2018). "An open-ended continuance may be granted to serve the ends of justice. . . . There is no fixed limit to the amount of time that may be excluded under the ends of justice provision." United States v. Twitty, 107 F.3d 1482, 1489 (11th Cir. 1997) (quoting United States v. Vasser, 916 F.2d 624, 627 (11th Cir. 1990)); see also United States v. Spring, 80 F.3d 1450, 1458-59 (10th Cir. 1996) (collecting cases approving open-ended continuances from First, Third, and Fifth Circuits). "[T]he district court is not required to make a contemporaneous record of its ends-of-justice findings." United States v. Adejumo, 772 F.3d 513, 522 (8th Cir. 2014). "[A] subsequent articulation" of the court's findings will suffice. United States v. Stackhouse, 183 F.3d 900, 901 (8th Cir. 1999).

"The return of a superseding indictment [does] not re-start the 70-day count." United States v. Long, 900 F.2d 1270, 1275 (8th Cir. 1990); see also Sylvester v. United States, 868 F.3d 503, 508-09 (6th Cir. 2017) (collecting cases with same holding). The consensus among the United States Courts of Appeals

5

is "the filing of a superseding indictment does not reset the speedy-trial clock for offenses charged, or required to be joined with those charged, in the original indictment."  United States v. Young, 528 F.3d 1294, 1296-97 (11th Cir. 2008) (collecting cases).

### B. Procedural history

Magistrate Judge Daneta Wollmann issued a warrant for defendant's arrest on August 30, 2017.  (Docket 3).  Defendant was brought before her for his first initial appearance on the criminal complaint on September 5.  (Docket 7).  A grand jury indicted defendant on September 12 and he made his initial appearance on the indictment on September 13.  (Dockets 21 & 27).  The court set defendant's trial for November 7.  (Docket 12).

On October 2, defendant's appointed attorney moved to withdraw as his counsel because he retained an attorney.  (Docket 30).  The magistrate judge granted the motion to withdraw via text order on October 3.  (Docket 31).  On October 13, defendant moved to continue his trial date for 90 days because his first retained attorney felt he had not received all the discovery in the case and was unprepared for trial.  (Docket 32).  The court granted his motion on October 18 and set his trial for January 30, 2018.  (Docket 33).  On January 5, 2018, defendant moved to extend the deadline for filing suppression motions, which he believed would lapse that day.  (Docket 35).  The court communicated informally with defendant's first retained attorney and informed him the suppression motion deadline passed on September 26, 2017.  Defendant then

moved to file an untimely suppression motion. (Docket 36). The court denied defendant's motion to extend as moot and granted his motion to file an untimely suppression motion. (Docket 37). The court directed defendant to file his suppression motion by January 30 and continued his trial date to March 13. Id.

Defendant filed his suppression motion at 12:45 a.m. on January 31. (Docket 38). He also filed a motion to extend the deadline for his suppression motion by 45 minutes to account for his post-midnight late filing; the court granted this motion in a text order. (Dockets 39 & 40). The court canceled defendant's pending trial date "[b]ased on the ends of justice and 18 U.S.C. § 3161(h)(7) pending resolution" of his suppression motion. (Docket 41). The government responded to the suppression motion on February 20 after a court-granted extension and an evidentiary hearing before the magistrate judge was set for April 18. (Dockets 43, 45 & 47).

At the initial evidentiary hearing, defendant's first counsel moved for a continuance, which the magistrate judge granted. (Docket 60). The hearing was moved to May 1. (Docket 64). Following the hearing, the magistrate judge ordered the parties to submit supplemental briefing within two weeks of the filing of the hearing transcript. (Docket 66). That transcript was filed on June 21. (Docket 67). The government filed its supplemental brief on July 19, following two court-granted continuances. (Dockets 70, 72 & 73). Defendant filed his supplemental brief on July 26. (Docket 74). At that point, the magistrate

judge had all the information necessary to issue her report and recommendation ("R&R") on the suppression motion.

The magistrate judge filed her R&R on August 30. (Docket 77). Defendant timely objected to the R&R on September 13. (Docket 78). On September 28, the government filed his response to defendant's objections, following a court-granted continuance. (Dockets 80 & 81). The court did not hold a hearing on defendant's objections to the R&R, so the objections became ripe for adjudication on September 28. The court issued its order overruling defendant's objections in part and denying his suppression motion on December 3. (Docket 82). The magistrate judge appointed defendant's current counsel on December 18, following his prior counsel's representation that a conflict of interest existed. (Docket 86). The court set defendant's case for trial on January 8, 2019. (Docket 83).

On December 21, 2018, the government moved for a continuance of the pending trial date because "several essential witnesses in custody of the Bureau of Prisons" could not be transported to South Dakota in time. (Docket 88). Also on December 21, the parties filed a joint notice of speedy trial calculation in which defendant asserted, without explanation, there was no time remaining under the Speedy Trial Act. (Docket 89). Through informal communication with the parties, the court directed defendant to respond in writing to the government's motion to continue if he intended to object. On January 2, 2019, defendant responded with the present motion to dismiss the indictment on

speedy trial grounds. (Docket 90). The court canceled the January 8 trial date pending the resolution of the motion to dismiss and denied the government's motion for a continuance as moot. (Dockets 91 & 92). The government responded to defendant's motion to dismiss on January 9. (Docket 96). Under the court's local rules, defendant had four days to reply to the government's response. D.S.D. Crim. LR 47.1(C). That deadline expired on January 13, at which point this motion became ripe for adjudication. The grand jury issued the superseding indictment on January 23. (Docket 98).

### C. Speedy trial calculation

Neither party accurately calculated the speedy trial time applicable to the charges in the first indictment against defendant. Contrary to the government's calculation, the clock first began to run on September 13, 2017, the date of defendant's initial appearance on the first indictment. 18 U.S.C. § 3161(c)(1). The clock first stopped on October 2 due to the motion to withdraw filed by defendant's appointed attorney. (Docket 30). This motion, even though it was *ex parte*, stopped the speedy trial clock. See 18 U.S.C. § 3161(h)(1)(D) (excluding delay "resulting from *any* pretrial motion") (emphasis added); cf. Williams, 557 F.3d at 951-52 (holding the Speedy Trial Act does not set limits on which pretrial motions toll the clock). Between September 13 and October 2, 17 days of defendant's speedy trial time elapsed. The magistrate judge granted the motion to withdraw via text order on October 3 and the speedy trial clock began to run again on October 4. (Docket 31). The clock stopped again when

9

defendant's first retained attorney filed his first motion for a continuance on October 13. Id. at § 3161(h)(7)(A). It is immaterial that defendant now claims he did not consent to the continuance. See, id. (excluding "any period of delay resulting from a continuance . . . at the request of the defendant *or his counsel*") (emphasis added); Herbst, 666 F.3d at 510. Another 9 days of speedy trial time elapsed between October 4 and October 13. In total, 26 of defendant's 70 speedy trial days elapsed during this period.

Contrary to defendant's argument, the speedy trial clock was stopped between October 13, the date his prior counsel filed for a continuance, and January 30, 2018, the date the court set for trial to begin. 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A). The clock was likewise stopped between January 30 and January 31 by the court's order granting defendant's motion to continue the trial deadlines and allow him to file an untimely suppression motion. See, id. at § 3161(h)(7)(A); Docket 37 (continuing trial until March 13 upon a finding "the ends of justice served by continuing this trial outweigh the best interests of the public and the defendant in a speedy trial insofar as defense counsel has made known to the court that additional time is needed to prepare motions.").

Defendant filed his suppression motion on January 31, tolling the clock. 18 U.S.C. § 3161(h)(1)(D); Docket 38. In a *sua sponte* text order on February 5, the court canceled all pending deadlines and the March 13 trial date "[b]ased on the ends of justice and 18 U.S.C. § 3161(h)(7) . . . pending resolution of" the suppression motion. (Docket 41). The February 5 order canceling the pending

10

trial date was an open-ended continuance based on the ends of justice provision of the Speedy Trial Act. Defendant argues the continuance was "unjustified and unsupported by the 'ends of justice' cited." (Docket 90 at p. 3). The court briefly set out its reasoning for *sua sponte* continuing the trial date in its text order by noting defendant's pending suppression motion. (Docket 41). Because of defendant's challenge, the court will elaborate on that reasoning here.

Given the need for briefing and an evidentiary hearing to resolve the suppression motion, the March 13 trial date—36 days after the court's February 5 order—was clearly untenable. Failing to continue the trial would have been "likely to make a continuation of [the trial] impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). Failing to continue the trial would also have "den[ied] counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation" because, in the absence of a continuance, the trial would have had to proceed without resolution of the suppression motion. Id. at § 3161(h)(7)(B)(iv). The court notes defendant did not object to the February 5 order when it was entered. Any complaint he now raises is belied by the record; the trial was continued because of his own suppression motion. He does not now argue his prior counsel filed the motion without his consent. The court's February 5 order constitutes an open-ended continuance, adequately supported by the ends of justice provision in the Speedy Trial Act, which extended until the resolution of the suppression motion. As of February 5, 44 days of speedy trial time remained to defendant.

11

The magistrate judge issued her R&R on defendant's suppression motion on August 30, following briefing, an evidentiary hearing, the filing of the hearing transcript, and post-hearing briefing. (Dockets 45, 64, 67, 73, 74 & 77). Defendant timely objected to the R&R on September 13 and the government responded to defendant's objections on September 28. (Dockets 79 & 81). The court issued its order resolving defendant's objections to the R&R and the suppression motion on December 3. (Docket 82). At that point, the open-ended continuance set by the court on February 5 ended. All motions and other proceedings occurring in the case between February 5 and December 3 took place while the speedy trial clock was stopped.

Also on December 3, the court issued a scheduling order setting a trial date of January 8, 2019. (Docket 83). In that order, the court found "the ends of justice served" by setting a trial date "outweigh[ed] the best interests of the public and the defendant in a speedy trial." Id. at p. 1. The order also set a host of deadlines related to preparation for trial. Id. The scheduling order constituted a *sua sponte* ends of justice continuance of the trial date to allow time for trial preparation. 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv). This ends of justice continuance stopped the speedy trial clock between December 3, 2018 and January 8, 2019. In total, the speedy trial clock was stopped on January 31, 2018 and was set to run again on January 8, 2019.

However, defendant filed the present motion to dismiss the indictment on January 2. (Docket 90). This motion stopped the clock as well. 18 U.S.C.

12

§ 3161(h)(1)(D). Also on January 2, the court canceled the January 8 trial date based on the ends of justice pending the resolution of the motion to dismiss. (Docket 91). As with the February 5, 2018 order, this January 2, 2019 order constitutes an open-ended continuance based on the ends of justice. The speedy trial clock will be stopped until the court sets another trial date.[1] A scheduling order setting a trial date will accompany this order.

For the reasons given above, the speedy trial clock in this case has been stopped since defendant filed his suppression motion on January 31, 2018. At that time, 44 days of speedy trial time remained. Those 44 days remain on the clock as of the date of this order. The court will set defendant's trial to occur within that time.

## II. Sixth Amendment

Defendant's motion to dismiss the indictment also asserts his "case should be dismissed under his Sixth Amendment right to a speedy trial." (Docket 90 at p. 2). Defendant does not argue this position further. Instead, he contends the court should not have presumed he intended to waive some right. Id. at p. 3. The court is uncertain whether defendant argues the court impermissibly presumed he waived his rights under the Speedy Trial Act or his Sixth Amendment right to a speedy trial. As detailed above, see supra Section I.C, defendant's consent to continuances issued by the court *sua sponte* or sought by

---

[1]A superseding indictment was filed on January 23, bringing two new charges against defendant. (Docket 98). The superseding indictment does not impact the court's calculation, as it was filed while the speedy trial clock was stopped.

13

prior counsel is immaterial under the Speedy Trial Act. As for his Sixth Amendment right to a speedy trial, the court does not presume he waived that right. However, the court finds that right has not been infringed and denies defendant's motion.

### A.  Legal standards

"Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another." Williams, 557 F.3d at 948 (citation and internal quotation marks omitted). "As to the separate Sixth Amendment speedy trial claim, [the United States Court of Appeals for the Eighth Circuit] stated that '[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.'" United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006) (quoting United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003)). A defendant's Sixth Amendment right to a speedy trial " 'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.'" United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (quoting United States v. McGhee, 532 F.3d 733, 739 (8th Cir. 2008)). The Sixth Amendment does not specify a time limit in which an accused must be brought to trial. See U.S. Const. amend. VI.

Because of the "vague" nature of the Sixth Amendment right, "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." Barker v. Wingo, 407 U.S. 514, 522 (1972). To assist courts in evaluating speedy trial claims, the Barker Court established a

14

four-factor balancing test "in which the conduct of both the prosecution and the defendant are weighed." Id. at 530. These factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to speedy trial, and (4) the prejudice to the defendant. Id.

### B. Barker factors

#### 1. Length of delay

"To trigger speedy trial analysis, the defendant must allege the interval between accusation and trial has crossed a line dividing ordinary from presumptively prejudicial delay." United States v. Mallett, 751 F.3d 907, 913 (8th Cir. 2014) (internal quotation marks omitted). Defendant did not allege his pretrial delay is presumptively prejudicial. However, the delay between his arrival in federal custody on a writ of habeas corpus *ad prosequendum* on August 30, 2017, and the present day is approximately 17 months, which is presumptively prejudicial under Eighth Circuit caselaw. Id. at 913-14 (finding 17-month delay presumptively prejudicial). The court will therefore overlook this deficiency in defendant's motion and proceed to the other Barker factors.

#### 2. Reason for delay

This factor "requires determining whether the government or the criminal defendant is more to blame." United States v. Rodriguez-Valencia, 753 F.3d 801, 806 (8th Cir. 2014). Intentional delay by the government weighs "heavily against it"; delay caused by the government's negligence weighs "less heavily" but is still a "considerable factor"; delay caused by the defense weighs against

15

defendant. Erenas-Luna, 560 F.3d at 777 (internal citations omitted). The delay in this case has generally been caused by defendant. He first requested a 90-day continuance in October 2017, delaying his trial until January 2018. (Dockets 32 & 33). Defendant then filed a suppression motion, which accounted for the lion's share of the delay in this case. (Docket 38). After that motion was resolved and the court set this case for trial on January 8, 2019, defendant created further delay by filing the present motion to dismiss the indictment. (Dockets 83 & 90).

The government did seek continuances throughout the process of resolving defendant's suppression motion, contributing to the delay. (Dockets 42, 69, 71 & 79). In general, however, the court finds the government prosecuted defendant with "reasonable diligence" under the circumstances. Rodriguez-Valencia, 753 F.3d at 808. Any delay caused by the government was ancillary to defendant's pretrial motions, the primary delay in this case. The court concludes this factor weighs against defendant.

### 3. Assertion of speedy trial right

Defendant first asserted his speedy trial right on December 21, 2018, in the parties' joint speedy trial calculation in preparation for trial. (Docket 89). He did not explain his assertion at that time or otherwise argue the indictment should be dismissed. He filed the present motion on January 2, 2019. (Docket 90). "Nothing in the record indicates [defendant] acted to protect his speedy trial rights earlier." Mallett, 751 F.3d at 914. Defendant's "substantial

contributions to the pretrial delay belie his later attempts to assert his speedy trial rights." Id. The court finds this factor weighs against defendant.

### 4. Prejudice

"Finally, the court must consider whether the delay prejudiced [defendant]. In doing so, the court should assess the interests served by the speedy trial right, which are '(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.' " United States v. Sims, 847 F.3d 630, 636 (8th Cir. 2017) (quoting Barker, 407 U.S. at 532). "A showing of actual prejudice is required if the government exercised reasonable diligence in pursuing the defendant." Erenas-Luna, 560 F.3d at 778-79. "Where the government has been negligent, however, prejudice can be presumed if there has been an excessive delay." Id. "Whether or not a showing of prejudice is required in every case, [the Eighth Circuit has] been clear that the degree of prejudice required, if any, depends on the defendant's showing under the preceding Barker factors." Sims, 847 F.3d at 636.

The court does not presume the delay present here prejudiced defendant because the record does not establish the government has been negligent. See Erenas-Luna, 560 F.3d at 778-79. In fact, the court found the government has been reasonably diligent in prosecuting this case. See supra Section II.B.2. As a result, defendant must show actual prejudice "under the preceding Barker factors." Sims, 847 F.3d at 636. Defendant identifies no prejudice at all. As

17

noted above, defendant's motion asserts but does not argue a violation of his Sixth Amendment right. The court discerns no prejudice to defendant from the delay other than pretrial incarceration and its accompanying "anxiety and concern[.]" Barker, 407 U.S. at 532. However, because of the government's reasonable diligence in this prosecution and the lack of any showing of "actual or specific prejudice," defendant's speedy trial claim must fail. Rodriguez-Valencia, 753 F.3d at 808 (citing Doggett v. United States, 505 U.S. 647, 656 (1992)). "Unable to show the prejudice of pretrial delay, and having caused much of the delay himself, [defendant] failed to establish a Sixth Amendment violation." Mallett, 751 F.3d at 914.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's motion to dismiss the indictment (Docket 90) is denied.

IT IS FURTHER ORDERED that a scheduling order will follow.

Dated February 11, 2019.

                                        BY THE COURT:

                                        /s/ *Jeffrey L. Viken*
                                        JEFFREY L. VIKEN
                                        CHIEF JUDGE