UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>DANA FAULKNER, a/k/a "Diablo,"<br>Defendant. | CR. 17-50144-JLV<br><br>ORDER |

The court sentenced defendant Dana Faulkner in October 2019 for drug conspiracy and firearms offenses. Pending before the court is Mr. Faulkner's *pro se* motion requesting a copy of the transcript of his sentencing hearing. (Docket 141). Mr. Faulkner is presently incarcerated in a Bureau of Prisons' institution. See id. at p. 1. The court grants the motion with conditions.

The court's Standing Order 16-04 governs access to criminal transcripts. The court adopted that order "to protect the safety of all federal inmates regardless of their cooperation with the government, as well as the integrity of any ongoing investigations or related prosecutions[.]" Standing Order 16-04. The Standing Order establishes a procedure to allow defendants access to criminal transcripts. The transcripts will be sent to the warden of defendant's institution, along with a copy of the Standing Order. The warden may allow defendant to review the transcripts in a designated area. However, "[s]ealed or restricted documents and/or transcripts may neither be retained by an inmate,

nor reviewed in the presence of another inmate, consistent with the institutional policies of the Bureau of Prisons." Id.

The court recognizes some confusion may arise as to whether a defendant may retain publicly available transcripts without restriction under the Standing Order. The court construes the sentence quoted above to require defendants to obtain court permission to possess publicly available transcripts when release of the transcripts may be a danger to cooperating witnesses or to other investigations. For example, defendants may not personally possess trial transcripts in drug conspiracy cases. Drug conspiracy cases almost universally involve cooperating witness testimony. Standing Order 16-04's restrictions on transcript possession apply to drug conspiracy cases, whether or not the transcript is otherwise publicly available.

Finally, the court does not order the production of transcripts. Mr. Faulkner may make a request to the court reporter in accordance with D.S.D. Crim LR 57.2. Mr. Faulkner is required to pay the cost for the preparation of the transcript.

Mr. Faulkner may order the public transcript of his sentencing hearing, however, the transcript may only be received by the warden of Mr. Faulkner's institution. The warden may not permit Mr. Faulkner to keep the transcripts in his possession. Mr. Faulkner may only review the transcripts in an area designated by the warden for that purpose. This ruling applies to all the transcripts in the case. For these reasons, it is

ORDERED that defendant's motion (Docket 141) is granted with the restrictions described in this order. Defendant may order the public transcript of his sentencing hearing in accordance with the court's local rules.

IT IS FURTHER ORDERED that, once the transcript is filed, the Clerk of Court shall send copies of this order and of Standing Order 16-04 together with a copy of the sentencing hearing transcript to the warden of defendant's institution.

Dated May 17, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE